Chief Justice Robertson,
delivered the opinion of the court.
The defendants in error sued and obtained a judgment against the plaintiff in error, on a covenant entered into by his intestate, to indemnify them against all suits and damages, to which they were liable, as partners with said intestate, and others, in a steamboat.
Covenant to indemnify against “all suitsand damages” is broken eo in stand suit is instituted against covenantee.
If one jointly bound covenant to indemnify another of several co-obli-gors against their joint debt or obligation, he is liable on his covenant for no more than the proportion of cove-nantee, or if coventee have paid the debt, to the extent be may be unable to coerce contribution from his co-obligors. If a stranger make such covenant he is responsible for the whole debt or obligation to coventor.
The declaration, though somewhat obscure and informal, is substantially good. There is no bill of exceptions, exhibiting the evidence, adduced on the trial. This court cannot therefore decide, that there was not proof sufficient to identify the debts on which the judgments, used on the trial, were founded, as partnership debts embraced in the covenant, nor that there was no proof to show that the suits, in which those judgments were obtained, had not been instituted before the impe-tration of the writ in this case. Therefore, as the defendants in error had a cause of action, on the covenant, as soon as any suit was brought against them on a demand embraced in the covenant, the only question, remaining for consideration, is as to the proper measure of recovery.
The circuit court instructed the jury, that the defendants in error wez-e entitled to the whole amount, for which judgments had been obtained, and the jury found a verdict accordingly. In this, there is error.
If a stranger covenant, that he will indemnify against a suit, to which the co\ enantee alone is liable, he will be responsible for the whole amount of the judgment, which shall be obtained against the covenantee. But when several persons are jointly liable, as in this case, for the same debt, and one of them covenants, that he will indemnify another, he is only liable for the damage, which the covenantee shall actually have sustained,'or for so much as he cannot, as a jointobligor,recover from Ms other co-obligors. If he shall have paid the whole amount of the debt, and cannot obtain contribution from his other co-obligors, the covenantor will be bound for the whole amoun.; but if he may coerce such contribution, the covenantor will only be responsible for the cov-enantee's proper proportion of the joint debt. The other co-obligors were not privy to the covenant. It was not made for their benefit, and therefore, they cannot claim any advantage from it. The whole debt may be made out of them; and then the covenantees, (as their co-obli-gors) willbe liable only for contribution, and consequently, would be entitled to recover from their covenantor only the amount of such contribution. Even, if they shall have paid the whole debt, they may recover contribution from all their co-obligors. The covenantor did not agree to indemnify them, and they can derive no benefit from his covenant.
Crittenden, for plaintiff.
The covenantor only agrees to indemnify the covenan-tees against all damage, which they shall actually sustain, or must necessarily be eventually liable to sustain, as joint obligors. He agrees io take their places as co-obligor. If therefore, they sue on the covenant before they shall have paid any thing,(asin this case,) they will he entitled to recover no more than the amount of their portion of the debt, as co-obligors. If they shall have paid the whole joint debt, still they should recover on the covenant, only the amount for which their other co-obligors were not responsible to them, unless they can show, that they had been unable to coerce contribution. In the latter event, and in that only, they would have a. right to recover the whole amount of the debt, for that is the damage, which they had sustained, and for which they must be indemnified,
As it is evident that the judgments against the defendants in error, and others, had not been satisfied, the proper measure of recovery in this case was tbe amount, which the defendants in error would necessarily bo bound to pay; and that was only their proportion of the. debt, tobe ascertained by the number of joint obligors.
Wherefore, the judgment of the circuit court is reversed, and the cause remanded for a new trial,